IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br>        Debtor. | No. 20-CV-2040-CJW-KEM<br><br>**ORDER** |
| CORNICE & ROSE INTERNATIONAL, LLC,<br>        Appellant,<br><br>vs.<br><br>CHARLES L. SMITH; FIRST SECURITY BANK & TRUST CO.; FOUR KEYS, LLC; CITY OF CHARLES CITY; and IOWA ECONOMIC DEVELOPMENT AUTHORITY,<br>        Appellees. | |

_____

## *I.*     *INTRODUCTION*

This matter is before the Court on appellant Cornice & Rose International, LLC's ("appellant") Motion for a Stay or Injunction of Sale of Personal Property. (Doc. 22).

On Thursday, July 30, 2020, appellant filed its Motion for a Stay or Injunction of Sale of Personal Property which concerned an auction scheduled for the following Monday, August 3, 2020. (Doc. 22). Appellant sought expedited relief from the Court. (*Id.*). Appellee Four Keys, LLC ("appellee") resisted appellant's motion. (Doc. 23).

Appellee Charles L. Smith joined appellee's resistance. (Doc. 26).[1] After a thorough review of the evidence and arguments, the Court denied the motion on July 31, 2020. (Doc. 27). Given the time sensitive nature of the request, however, the Court did not have the opportunity to fully explain its decision but stated it would more fully explain its reasoning in a subsequent order. (*Id.*, at 2). This Opinion provides that additional explanation but does nothing to alter the Court's July 31, 2020 decision.

## II. BACKGROUND

This matter arises out an appeal from the United States Bankruptcy Court for the Northern District of Iowa's ("Bankruptcy Court") April 9, 2020 Order Authorizing and Approving Sale Pursuant to § 363 of the Bankruptcy Code and Providing Related Relief, and the Bankruptcy Court's May 15, 2020 Proceeding Memo and Order denying the Motions to Reconsider and Motion for Partial Withdrawal of the Reference.

McQuillen Place Company, LLC ("McQuillen Place") filed for Chapter 11 Bankruptcy in April 2019 in the Bankruptcy Court. (Doc. 13-1, at 4).[2] Charles Thomson ("Thomson") and James Gray ("Gray") own McQuillen Place. (Doc. 41, at 9). Before it sought Chapter 11 bankruptcy protection, McQuillen Place was constructing a building in Charles City, Iowa. (*Id.*). Appellant is the architectural firm hired to design the building. (*Id.*). Gray owns appellant. (*Id.*).

When it filed for bankruptcy, McQuillen Place owned a parcel of real estate and a partially constructed building in Charles City, Floyd County, Iowa ("Charles City property"). On March 23, 2020, the bankruptcy trustee, Charles L. Smith ("Trustee"), moved for the Bankruptcy Court to approve a sale of the Charles City property to First

---

[1] For ease of reference, the Court will refer throughout this order to "appellee" in the singular as to this motion, although the Court acknowledges that another appellee joins in the motion.

[2] On December 9, 2020, the Bankruptcy Court converted the Chapter 11 Bankruptcy case to a Chapter 7 Bankruptcy case. (Doc. 13-4, at 132).

Security Bank & Trust Company ("First Security"). (Doc. 13-5, at 15–16). In his motion, the Trustee asserted that First Security had a perfected mortgage against the Charles City property. (*Id.*). The Trustee admitted he was aware that appellant might assert an interest in some of the personal property located within the building on the Charles City property and also claim it was the licensor of design drawings used by McQuillan Place to construct the building. (*Id.*, at 16). The Trustee, however, asserted that he solicited bids for the property from various interested parties and received two bids in response. (*Id.*). First Security submitted the highest and best offer. (*Id.*, at 17). On April 7, 2020, appellant objected to the Trustee's motion for sale of the property. (Doc. 13-6, at 79).

On April 9, 2020, the Bankruptcy Court granted the Trustee's motion and approved the sale under Title 11, United States Code, Section 363. (Doc. 13-6, at 108).[3] The Bankruptcy Court's order overruled any remaining objections. (*Id.*). The order also found the sale was contemplated and undertaken without collusion and in good faith and thus, Bankruptcy Code Section 363(m) applied. (*Id.*, at 111). The Court also required $25,000 from the sale be set aside to satisfy any outstanding claims asserted against personal property located within the building that could be sold as part of the sale. (*Id.*, at 106).

On April 23, 2020, appellant filed a motion in the Bankruptcy Court asking the Bankruptcy Court to reconsider its order authorizing the sale. (*Id.*, at 115). On the same day, appellant filed a Motion for Partial Withdrawal of the Reference in which appellant asked the Bankruptcy Court to withdraw portions of the sale order relating to its copyright. (*Id.*, at 124). Appellant also filed a motion for a stay pending the determination of the Motion for Partial Withdrawal of the Reference. (*Id.*, at 197). The

---

[3] First Security was the original purchaser, but subsequently assigned the Purchase Agreement to appellee. (Doc. 5, at 2 n.1).

Bankruptcy Court denied each of these motions. (Doc. 13-8, at 157). On May 29, 2020, appellant filed a notice of appeal of the order authorizing the sale. (*Id.*, at 159).

On Thursday, July 30, 2020, appellant filed its Motion for a Stay or Injunction of Sale of Personal Property which concerned an auction scheduled for the following Monday, August 3, 2020. (Doc. 22). The motion for a stay is before the Court here.

### III. DISCUSSION[4]

As previously noted, the Court denied appellant's motion on July 31, 2020, without elaborating on its reasons in order to provide the parties with an expeditious ruling. (Doc. 27). This opinion only provides further reasoning for the Court's July 31, 2020 decision and in no way alters or amends its previous order.

#### A. *Applicable Law*

The Federal Rules of Bankruptcy Procedure apply to appellant's motion for a stay or injunction.[5] *See* FED. R. BANKR. P. 8001 Committee Notes on Rules—2014 ("These . . . rules apply to appeals under 28 U.S.C. § 158(a) from bankruptcy courts to district courts and BAPs."); *Id.* at 8007 ("Stay Pending Appeal; Bonds; Suspension of Proceedings"); LR 8001(a).

---

[4] For the sake of simplicity, this Opinion refers to the question of whether a temporary restraining order should be granted as being presently unanswered.

[5] The parties refer to the sought-after relief as both a stay and an injunction. *See* (Docs. 22 & 23). "An injunction and a stay have typically been understood to serve different purposes." *Nken v. Holder*, 556 U.S. 418, 428 (2009). An injunction is a means for a court to "tell[ ] someone what to do or not to do." *Id.* A stay halts or postpones part of a judicial proceeding. *Id.* That the parties do not distinguish between a stay and an injunction makes little difference here. Either a stay or an injunction would provide appellant with its desired outcome and the factors courts consider in granting both a stay and an injunction are nearly identical. *In re Ross*, 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998) (describing factors that must be satisfied for a stay); *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (describing factors that must be satisfied for an injunction). Thus, the Court need not distinguish between a stay and an injunction here.

4

Under Rule 8007 "a party must move first in the bankruptcy court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending[.]" *Id.* at 8007(a)(1)(C). A motion for an injunction may also be made in the district court. *See id.* 8007(b). A motion for an injunction to the district court must show that it would be impracticable for a party to make a motion in the bankruptcy court first, or it must show that a motion has been made to the bankruptcy court and the current status of the motion in the bankruptcy court. *Id.* 8007(b)(1)–(2). A motion for an injunction to the district court must include: "(A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." *Id.* 8007(b)(3). Finally, "the movant must give reasonable notice of the motion to all parties." *Id.* 8007(b)(4).

In addition to adhering to the Rule 8007 procedural requirements for injunctive relief, an appellant seeking a stay must also satisfy several other factors.

> A party seeking a stay pending appeal must demonstrate that it is likely to succeed on the merits, that it will suffer irreparable injury unless the stay is granted, that no substantive harm will come to the other interested parties, and that the stay will do no harm to the public interest.

*In re Ross*, 223 B.R. at 703; *see also Dataphase Sys.*, 640 F.2d at 113. These four factors reflect the *Dataphase* requirements for injunctive relief and incorporate them into the bankruptcy appeal process. *See id.* "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh toward[ ] granting the injunction." *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (citation and internal quotation marks omitted).

The movant bears the burden of establishing the propriety of a preliminary injunction. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). "[T]he burden on the movant is heavy, in particular where . . . 'granting the preliminary injunction will give [the movant] substantially the relief it would obtain after a trial on the merits.'" *United*

*Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998) (second alteration in original) (quoting *Sanborn Mfg. Co, Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 486 (8th Cir. 1993)).

### B. Analysis

The Court will first consider whether appellant's motion satisfies all the procedural requirements established in Federal Rule of Bankruptcy Procedure 8007. The Court will then consider the additional *Dataphase* factors.

#### 1. Procedural Issues

In short, a motion for an injunction while an appeal is pending requires the motion first be made in the Bankruptcy Court or include a showing why it was impracticable to file in the Bankruptcy Court. The motion must also be supported by affidavits or sworn statements and the movant must give reasonable notice of the motion to all parties. The motion here does not satisfy any of these requirements and thus, fails.

First, there is no evidence that appellant "move[d] first in the bankruptcy court" for the relief sought. *See* FED. R. BANKR. P. 8007(a)(1). Appellant does not indicate anywhere in its motion that it has already moved for relief in the Bankruptcy Court and there is nothing on the docket that shows appellant moved for such relief. Appellant need not have moved for relief in the Bankruptcy Court, however, if it can show it would have been impracticable. *Id.* at 8007(b)(2)(A). Appellant, however, has not made the necessary showing or even attempted to show such impracticability. Thus, appellant has not satisfied this requirement.

Second, the motion is not supported by affidavits or sworn statements supporting facts subject to dispute. *See* FED. R. BANKR. P. 8007(b)(3)(B). There are three exhibits attached to appellant's motion, but none of them amount to sworn statements or affidavits. One attachment is an informal email exchange between counsel discussing the possibility of delaying the sale. (Doc. 22-3). Another attachment is an auction notice that lists, in

general terms, the items expected to be auctioned. (Doc. 22-2). A third exhibit includes an attachment that lists numerous pieces of property that were located within the Charles City Property. (Doc. 22-1, at 4). On the attachment, appellant indicated which pieces of property it owned by including a "C&R" next to certain items. (*Id.*). A list of items with initials next to some of them is not a sworn statement or affidavit. It amounts to nothing more than an informal notice of claim to certain items. Thus, the motion is not supported by affidavits or sworn statements.

Third, there is no evidence that appellant provided each of the parties with reasonable notice of the motion. According to the exhibits attached to appellant's motion, appellant contacted counsel for appellee. There is no evidence that appellant contacted the other parties' counsel to provide them with notice and there are no other indications of notice in the record.

Thus, appellant's motion fails to satisfy the procedural requirements established by the Federal Rules of Bankruptcy Procedure.

### 2. *Dataphase Factors*

In addition to the procedural requirements, to succeed on a motion for a stay or injunction a movant must also show the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, that no substantive harm will come to the other interested parties, and the public interest favors granting a stay or injunction. None of these factors weighs in favor of granting a stay or an injunction here.

#### a. *Probability of Success on the Merits*

The Court turns first to appellant's likelihood of success on the merits.

Appellant does not make any argument regarding its likelihood of success on the merits. Indeed, it is unclear what relief could be available given the limited information included in appellant's motion. For example, appellant has not proved that it owns any of the personal property that could potentially be sold at auction. Appellant has provided

7

Case 6:20-cv-02040-CJW-KEM   Document 44   Filed 09/25/20   Page 7 of 12

an inventory of items located at McQuillan Place and placed its initials next to the items it claims it owns. Merely placing initials on an inventory list is insufficient to demonstrate an ownership interest. Thus, even if the sale is stayed, appellant cannot recover the items or damages for the items because appellant has not provided any evidence of ownership of the items. Also, according to appellee, appellant has neglected other opportunities to prove ownership so there is additional uncertainty whether it would be possible to show ownership if appellant is given further opportunity to try and prove ownership. *See* (Doc. 25, at 9). Thus, this factor weighs against granting a stay or an injunction.[6]

### b. *Threat of Irreparable Harm*

The second factor concerns whether there is a threat of irreparable harm if the injunction is denied. "[T]o warrant a preliminary injunction, the moving party must demonstrate a sufficient threat of irreparable harm." *Wachovia Secs., L.L.C. v. Stanton*, 571 F. Supp. 2d at 1014, 1044 (N.D. Iowa 2008). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). "[W]here the movant has an adequate legal remedy, a preliminary injunction will not issue." *Wachovia Secs., L.L.C.*, 571 F. Supp. 2d at 1045. In other words, "[t]he failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction[.]" *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

---

[6] Appellee also argues appellant never voiced concerns about the sale of personal property at earlier proceedings and thus, it waived any argument about the sale of personal property should litigation on the matter be able to proceed. The Court need not address whether appellant waived its claim to the personal property because the factor has already been decided on other independent and sufficient grounds.

Appellant does not appear to argue it will suffer irreparable harm should the sale proceed. Even if the Court construes appellant's motion liberally to find such an argument, the Court finds there is no threat of irreparable harm here.

In the Bankruptcy Court's order authorizing the sale, the Bankruptcy Court specifically included a provision that would permit appellant to be compensated for any of their personal property that is sold. (Doc. 5-2, at 5). Specifically, the Bankruptcy Court reserved $25,000 to be held by the Trustee and to be distributed to appellant if appellant is able to establish ownership of the personal property at issue here. (*Id.*). In other words, the sale order explicitly provided a remedy for this situation that would permit appellant to be compensated for any damage that it incurred. Appellant has provided neither argument nor evidence that the $25,000 will be insufficient to cover the cost of the personal property. Thus, because there is an explicit remedy available to compensate appellant, the Court finds there is no threat of irreparable harm and this factor also weighs against granting a stay or injunction.

### c. *Harm to Other Parties*

The Court turns next to the third factor, the harm other parties may suffer if the motion is granted. "[T]he balance of harms analysis examines the harm of granting or denying the injunction upon both of the parties to the dispute and upon other interested parties, including the public." *Wachovia Secs., L.L.C.*, 571 F. Supp. 2d at 1047. It is not the same analysis as the irreparable harm analysis. *Id.* The balance of harms analysis considers several factors including the threat to each parties' rights that would result from granting or denying the injunction, the potential economic harm to the parties, and whether the defendant has taken voluntary remedial action. *Id.* "[A]n illusory harm to the movant will not outweigh any actual harm to the non-movant." *Frank N. Magid Assocs., Inc. v. Marrs*, No. 16-CV-198-LRR, 2017 WL 3091457, at *5 (N.D. Iowa Jan.

9

9, 2017) (quoting *Interbake Foods, L.L.C. v. Tomasiello*, 461 F. Supp. 2d 943, 976–77 (N.D. Iowa 2006)).

Appellant argues it will suffer potential harm if the stay or injunction is not granted because its personal property will be sold at auction. (Doc. 22). Appellant's damages appear to be purely economic, as there is no argument that any of the personal property is irreplaceable or has any non-economic value. Appellee argues appellant has failed to show appellee or any of the other parties will not suffer substantial harm as a result of the stay, and that it will in fact be harmed. (Doc. 25). The crux of appellee's argument is that appellant had several opportunities to retrieve its personal property and resolve this dispute, but that appellant declined each of those chances. Instead, it chose to litigate the matter, and the challenges in trying to discern ownership of the items will harm the parties if forced into litigation.

The Court agrees with appellee that appellant has failed to show the other parties will not suffer substantial harm. The Court is skeptical, however, of appellee's claim that it is harmed by being forced into litigation when it sought other, less demanding, resolutions. Litigation causes some level of harm to most parties, whether it be in attorney fees, costs, or other intangible harms. The normal harms associated with litigation are not the type of harm the Court would consider in deciding to deny a stay. Instead, the Court would expect a unique and individualized harm were it to grant a stay based on this factor. The Court, thus, does not find appellee would suffer substantial harm as a result of the stay. For the reasons discussed in the previous section, however, the Court also does not find appellant will suffer substantial harm as a result of a stay. Thus, the Court finds this factor does not weigh heavily in favor of either party.

### d. *Public Interest*

Last, the Court finds that the public interest would be best served if the Court denies the motion for preliminary injunction. Appellee argues disposing of the personal

10

property will allow construction of the apartments to continue and the public has an interest in creating such housing. (Doc. 25, at 13–14). Appellant does not address whether a stay or injunction serves the public interest.

The public interest factor favors appellee. The only party to provide any insight into the public interest factor asserts there is a need for more housing in Iowa. Indeed, counsel for the Iowa Department of Economic Development stated at a hearing before the Bankruptcy Court that the state is encouraging construction of apartments to help meet the demand for housing. (*Id.*). The Court takes this statement as true. Thus, there is an interest in moving the claims along so construction can resume without additional barriers. Thus, the public interest factor weighs in favor of appellee.

### C. *Balance of All Factors*

The final step in the Court's analysis of whether to grant the stay or preliminary injunction is to consider the four factors together and determine whether, on the whole, they weigh in favor of granting a stay or injunction. Here, the Court has found there is not a threat of irreparable harm because there is an adequate remedy for any sale of the personal property, namely the $25,000 set aside for this purpose, and there is no evidence the value of the property will exceed the $25,000. The Court has also found appellant is unlikely to succeed on the merits of its claim to return the personal property. Further, the Court has found the public interest favors resolving these claims quickly so necessary apartment construction can continue. Thus, these three factors weigh in favor of denying the motion. As to the fourth factor, the Court found the balance of harms to not be a significant factor that weighs heavily for either side here. Having found the balance of all factors does not favor granting the motion, the Court finds an injunction or stay would be unnecessary and improper.

## IV.　CONCLUSION

For these reasons, appellant's Motion for a Stay or Injunction of Sale of Personal Property (Doc. 22) is **denied.**

**IT IS SO ORDERED** this 25th day of September, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa